## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDWARD AMADOR and <br> WAYNE WILKE, <br>         Plaintiffs, <br> v. <br><br> BOILERMAKER-BLACKSMITH <br> NATIONAL PENSION TRUST, <br>         Defendant. | ) <br> ) <br> ) <br> ) <br> )   Civil Action <br> ) <br> )   No. 14-02329-RDR-TJJ <br> ) <br> ) <br> ) <br> ) <br> ) |

### NOTICE AND ORDER

TO PLAINTIFFS EDWARD AMADOR AND WAYNE WILKE:

On July 9, 2014, Defendant filed notice that it had removed this action from the District Court of Wyandotte County, Kansas.[1] Plaintiffs instituted the action in Wyandotte County by filing their "Verified Claim for Relief."[2] Since the time of removal, Plaintiff Edward Amador has filed three documents which bear only his signature but which state that they are filed on his own behalf and on behalf of Plaintiff Wayne Wilke.[3] Wayne Wilke has not signed any document that has been filed in this case.

28 U.S.C. § 1654 provides that in all courts of the United States "the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are

---

[1] ECF No. 1.

[2] ECF No. 1-1.

[3] *See* Reply to Attorney's Notice of Removal (ECF No. 9); Motion for Summary Judgment (ECF No. 10); Response to Consolidation and Dismissal Motions (ECF No. 15).

permitted to manage and conduct causes therein." To the extent that Edward Amador is raising claims on behalf of Wayne Wilke, Section 1654 precludes such representation in federal court because individual plaintiffs may appear "pro se" only on their own behalf.[4] A lay person may represent himself with respect to his individual claims, but he is not entitled to act as an attorney for others in federal court.[5] Accordingly, Edward Amador may not represent Wayne Wilke in this action.

Furthermore, Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."[6] Rule 11 therefore requires Wayne Wilke to sign every paper he files in this action, and the Court hereby provides notice that it will not accept any document for filing on any Plaintiff's behalf unless the document bears the Plaintiff's own signature or the signature of an attorney who has entered an appearance on that Plaintiff's behalf.

Rule 11 also sets forth the sanction for an unsigned document. "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."[7] The local rules for the District of Kansas permit the Court to issue a show cause

---

[4] *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004).

[5] *See Georgakis v. Illinois State Univ.,* 722 F.3d 1075, 1077 (7th Cir. 2013); *Lutz v. Lavelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991).

[6] Fed. R. Civ. P. 11(a). A purpose of Rule 11 is to assure that persons who are named as plaintiffs agree to filings on their behalf. *Snead v. Kirkland*, 462 F. Supp. 914, 917 (E.D. Pa. 1978).

[7] Fed. R. Civ. P. 11(a).

order why sanctions should not be imposed for a party's violation of Rule 11,[8] and to issue orders striking pleadings and otherwise preventing a party from prosecuting his case.[9]

**IT IS THEREFORE ORDERED** that if Plaintiff Wayne Wilke wishes to have the Court consider ECF Nos. 9 or 10, **within fourteen (14) days of the date of this Order** he must sign each document and file it with the Court, or the Court will strike the documents as to Plaintiff Wayne Wilke.  If Plaintiff Wayne Wilke wishes to have the Court consider ECF No. 15, no later than **August 13, 2014** he must sign the document and file it with the Court.[10]

**IT IS FURTHER ORDERED** that each Plaintiff shall personally sign his own name to any pleading, written motion, and other paper that he files in this case.  Any paper that does not comply with this order will be stricken.

**IT IS SO ORDERED.**

Dated this 8th day of August, 2014 in Kansas City, Kansas.

s/ Teresa J. James  
Teresa J. James  
United States Magistrate Judge

---

[8] D. Kan. R. 11(a)(1).

[9] D. Kan. R. 11(b).

[10] ECF No. 15 purports to be Plaintiffs' response to Defendant's Motion to Consolidate Cases (ECF No. 11) and Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 13).  Under D. Kan. R. 6.1(d), Plaintiffs' responses to ECF No. 11 are due no later than August 13, 2014, and Plaintiffs' responses to ECF No. 13 are due no later than August 20, 2014.  Because ECF No. 15 addresses both of Defendants' outstanding motions, it must be filed by the earlier deadline to be timely.