IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
EDWARD AMADOR, WAYNE WILKE,     )
                                )
                                )
          Plaintiffs,           )
                                )
     v.                         )    Case No. 14-2329-RDR
                                )
BOILERMAKER-BLACKSMITH          )
NATIONAL PENSION TRUST,         )
                                )
          Defendant.            )
                                )
                                )
EDWARD AMADOR, WAYNE WILKE,     )
                                )
          Plaintiffs,           )
                                )
     v.                         )    Case No. 14-2331-RDR
                                )
MICHAEL G. MORASH,              )
                                )
          Defendant.            )
```

## MEMORANDUM AND ORDER

These two cases have been consolidated. In Case No. 14-2329, plaintiffs, proceeding *pro se*, bring a claim against the Boliermaker-Blacksmith National Pension Trust. They seek to recover benefits from the Trust. In Case No. 14-2331, plaintiffs, again proceeding *pro se*, assert a claim against Michael G. Morash, a trustee of the Trust. They seek to remove Mohash as a trustee of the Trust as a result of the allegedly wrongful denial of benefits to plaintiffs. In each case, the defendant has filed a motion to dismiss and the plaintiffs have

filed a motion for summary judgment.

I.

The exact nature of the claims asserted by plaintiffs in these cases is not clear. The cases were originally filed by plaintiffs in the District Court of Wyandotte County, Kansas. They were later removed to this court by the Trust and Morash under the Employee Retirement Income Securities Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*. In the complaint in Case No. 14-2329, plaintiffs allege they entered into a trust agreement with the defendant Trust "on or about August-October 1976." Plaintiffs further allege that the Trust breached the trust with plaintiff Amador on or about July 30, 2012, and with plaintiff Wilke on or about October 23, 2013. Plaintiffs contend that the Trust caused specific monetary damages in the amount of $214,479.72 plus interest. Plaintiffs assert they perfected a lien against the Trust on April 28, 2014. They allege that the Trust's dishonor is intentional, the Trust's breach is malicious, the Trust's treason is insufferable, the Trust's anti-trust is damaging, and the Trust's dishonor is continuing. They assert that the Trust's actions have caused them the loss of enjoyment of their retirement life. Thus, they seek an additional $1,600,000 in general punitive damages.

In the complaint in Case No. 14-2331, plaintiffs allege

2

they contacted defendant Morash on or about April 2, 2014 with requests concerning the administration of their Trust benefits. They further allege that they received correspondence from an attorney that indicated it served as a response to plaintiffs' requests. Plaintiffs contend that the response was unsatisfactory and that defendant Morash failed to satisfy their requests. They assert that defendant Morash violated his duties as Trustee and is unfit for his office. They seek a court order relieving him of his duties as trustee.

## II.

In the motions to dismiss, each defendant contends that plaintiffs have failed to state a claim upon which relief can be granted. They argue that plaintiffs have failed to state a viable claim because they have asserted only a state law cause of action. The defendants assert that plaintiffs' claims are governed exclusively by ERISA, and thus, plaintiffs' state law claims are preempted by federal law.

Plaintiff filed identical motions for summary judgment in these cases. The only difference between the two motions is the relief requested. In the motion against the defendant Trust, plaintiffs seek recovery of benefits. In the motion against defendant Morash, plaintiffs seek removal of Morash as the trustee. In each motion for summary judgment, plaintiffs assert

Case 2:14-cv-02329-RDR-TJJ   Document 25   Filed 09/12/14   Page 4 of 11

that "[t]his motion is based on the pleadings & exhibits filed in the various courts, together with my supporting affidavit." Plaintiffs argue that these documents establish that are no genuine issues of material fact to be determined and "there is no defense to our suit." In an affidavit in support of the motion, plaintiff Amador avers that defendant Morash breached his fiduciary duties as a trustee. He further states that defendant Morash "owes us his official bond" due to his breach of fiduciary duties and his "incompetence."

### III.

The court will turn its attention to the defendants' motions to dismiss for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). "The court's function on a Rule 12(b)(6)

motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Dubbs v. Head Start, Inc., 336 F.3d 1194, 1201 (10th Cir. 2003). In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense. Iqbal, 556 U.S. at 678. All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff. See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). Allegations that merely state legal conclusions, however, need not be accepted as true. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

A court liberally construes a *pro se* complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall, 935 F.2d at 1110. The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

IV.

A reading of plaintiffs' complaints as well as the other pleadings that plaintiffs have filed reveals a lack of understanding of the law in general, and ERISA in particular. Plaintiffs have admitted that they are not "licensed to practice law" and "not learned in law." However, they assert they have "expressed [the Trustee's] wrongful act(s) in a variety of ways." Plaintiffs suggest they are entitled to benefits from the Trust because they have fulfilled their obligations under the Trust. They appear to be asserting only a state law claim of breach of contract in each complaint based upon state law trust principles. In response to the defendants' motions, they contend this case is not governed by ERISA.

Plaintiffs' complaints fail to allege any facts, arguments or explanations that support the relief sought by them. As noted previously, the nature of the claims asserted by the plaintiffs is difficult to discern. In examining the documents that were attached to the complaints, the court can only determine that the claims arise from tax levies asserted by the Internal Revenue Service on the Trust. Letters attached to the complaint indicate that the plaintiffs were advised by the Trust that it had received the IRS levies and were given the opportunity to respond to them. Later letters sent by the Trust

to the plaintiffs indicated that the Trust had not received any information from plaintiffs. The complaints, however, fail to make any mention of the IRS tax levies or allege anything that the Trust did wrong in addressing these levies.

As pointed out by the defendants and not disputed by the plaintiffs, the Boilermaker-Blacksmith National Pension Trust is a trust fund established and jointly maintained by a labor union and contributing employers for the purpose of providing pension benefits to its participants and/or their beneficiaries in accordance with and subject to the terms of a written plan. As such, the Trust is an "employee benefit plan" within the meaning of ERISA. 29 U.S.C. § 1002(3).

It is well-settled that federal law preempts state law causes of action asserting an improper denial of benefits under an ERISA regulated plan. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-64 (1987)(suit by beneficiary to recover benefits under ERISA plan falls directly under ERISA's civil enforcement provisions, and is thus removable to federal court as pre-empted). Plaintiffs' allegations that the Trust has wrongfully denied them benefits to which they, as alleged beneficiaries, are entitled under the terms of the plan, is a claim for benefits arising under an ERISA governed plan. Thus, plaintiffs' claims for benefits are cognizable, if at all, only

under ERISA, which permits civil actions to be brought "by a participant or beneficiary. . .to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his right to future benefits under the terms of the plan. . . ."  29 U.S.C. § 1132(a)(1)(B). Plaintiffs' breach of contract claims for pension benefits allegedly wrongfully denied to them must be dismissed for failure to state a claim upon which relief can be granted because such claims are preempted by ERISA.

Even if plaintiffs had brought their claims against the Trust under ERISA, their allegations are insufficient to state a claim for benefits under ERISA.  Where the governing plan documents grants authority to the fiduciaries to determine a person's entitlement to plan benefits such as in the instant case, a claim for recovery of denied benefits will lie only if the fiduciaries abused their discretion and acted arbitrarily and capriciously in denying benefits.  See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Weber v. GE Group Life Assur. Co., 541 F.3d 1002, 1010 (10th Cir. 2008). Plaintiffs have not alleged that the Trust's denial of their pension benefits was an abuse of discretion or arbitrary and capricious.  Plaintiffs have failed to plead any facts which would support such a conclusion.

Moreover, it is well established that a plaintiff must exhaust his administrative remedies before bringing an ERISA benefits claim in court.  See <u>Lewis v. U.F.C.W. Dist. Union Local Two & Employers Pension Fund</u>, 273 Fed.Appx. 765, 767 (10th Cir. 2008) (citing <u>McGraw v. Prudential Ins. Co.</u>, 137 F.3d 1253, 1263 (10th Cir. 1998)).  Plaintiffs have made no allegations that they exhausted the available administrative remedies prior to filing these actions.  Therefore, plaintiffs' allegations fail to state a viable claim for benefits even under the exclusive ERISA remedy for recovery of such benefits.

Plaintiffs' claims against defendant Morash also fail to state a plausible claim.  Plaintiffs' complaint against Morash states only conclusory allegations of wrongdoing without factual basis in support.  Plaintiffs failed to articulate any facts that explain what Morash did to violate ERISA and harm the plaintiffs or the Trust.  Accordingly, plaintiffs' allegations in this case also fail to state a viable claim under ERISA.

Thus, the court must grant defendants' motions and dismiss the claims of plaintiffs in Nos. 14-2329 and 14-2331 for failure to state a claim upon which relief can be granted.

V.

With this decision, the court need not consider the other arguments raised by the parties including plaintiffs' motion for summary judgment.  In regard to the motions for summary

judgment, the court notes that these motions fail both procedurally and legally. The court would note that these motions fail to assert any facts or citations to the record as required by Fed.R.Civ.P. 56(a), 56(c)(1) and D.Kan.Rule 56.1(a). Without any such designated facts or citations to the record, the court would be forced to deny these motions on procedural grounds. The court further notes that plaintiffs have failed to provide any valid or appropriate legal support for its motions. In making these statements, the court recognizes that the pleadings of *pro se* litigants are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall, 935 F.2d at 1110. However, *pro se* parties are still required to follow the rules of procedure that govern other litigants. Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994). It is not the proper function of this court to assume the role of advocate for the *pro se* litigant. Hall, 935 F.2d at 1110. In sum, the court would be forced to deny these motions if we were to consider them.

IT IS THEREFORE ORDERED that the motions to dismiss by defendants Boilermaker-Blacksmith National Pension Trust (No. 14-2329) and Michael G. Morash (No. 14-2331) be hereby granted. Plaintiffs' complaints in these cases are hereby dismissed for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Dated this 12th day of September, 2014, at Topeka, Kansas.

                                                s/RICHARD D. ROGERS
                                                Richard D. Rogers
                                                UNITED STATES DISTRICT COURT JUDGE